# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Karyl Krug, | |
|     Plaintiff, | 2:14-cv-01320 JWS |
| vs. | ORDER AND OPINION |
| Maricopa County Superior Court, *et al.*, | [Re: Motion at Docket 13 and Order for Response to Motion at Docket 12] |
|     Defendants. | |

## I. MOTION PRESENTED

At docket 13 plaintiff Karyl Krug ("Krug") proceeding *in propria persona* filed a motion titled "Motion to Re-Open the Case for Reassignment to a Neutral Judge." Examination of the motion shows that it is in substance a motion requesting the assigned judge to recuse himself.

In addition to deciding the motion at docket 13, this order will require defendants to respond to Krug's motion for reconsideration at docket 12.

## II. BACKGROUND

The background giving rise to this lawsuit is set out in detail in the court's earlier order at docket 7 and need not be repeated here. Background information important to the pending motion includes the following: One of the several defendants named by Krug is Douglas Rayes ("Rayes"). Rayes was a judge on the Maricopa County

Superior Court at the time relevant to Krug's complaint.  Subsequently, Rayes was confirmed as a judge of the United States District Court for the District of Arizona ("Arizona Court").  This case was originally assigned to Hon. David C. Campbell, a district judge who has served for many years on the Arizona Court.  When Judge Campbell recused, this case was reassigned to the currently assigned judge, who is a senior district judge on the United States District Court for the District of Alaska as a visiting judge for the Arizona Court.  Thereafter, the defendants moved to dismiss Krug's claims.  After the motion was briefed, the assigned judge granted the motion, and judgment was entered that Krug take nothing.

### III.  STANDARD OF REVIEW

There are two statutes which address recusal of United States judges, 28 U.S.C. § 144 and 28 U.S.C. § 455.  Section 144 does not apply here because Krug's motion is not supported by the affidavit required by that statute.[1]  Section 455 does apply.

A United States judge is under an affirmative duty to recuse "in any proceeding in which his [or her] impartiality might reasonably be questioned."  28 U.S.C. § 455(a). As Krug does here, a litigant may raise the issue of recusal under section 455.[2]  The judge, however, "has 'as strong a duty to sit when there is no legitimate reason to recuse as he does to recuse when the law and facts require.'"[3]  The standard is whether a "reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned."[4]  This "reasonable person" means "a 'well-

---

[1]*United States v. Sibla*, 624 F.2d 864, 867 (9th Cir. 1980).

[2]*United States v. Conforte*, 624 F.2d 869 (9th Cir. 1980).

[3]*Clemons v. U.S. Dist. Court for the Dist. of Calif.,* 428 F.3d 1175, 1179 (9th Cir. 2005) (quoting *Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir.1995)).

[4]*Id*. at 1178.

informed, thoughtful observer,' as opposed to a 'hypersensitive or unduly suspicious person.'"[5]

A judge must also recuse when the judge "has a personal bias or prejudice concerning a party or personal knowledge concerning the proceeding." 28 U.S.C. § 455(b)(1). A litigant seeking to disqualify a judge must establish that the judge's bias or prejudice reflects an obvious inability to fairly preside over a proceeding.[6] This generally requires that the alleged bias or prejudice arise from an extrajudicial source.[7] The Supreme Court has recognized that past "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion."[8]

Recusal motions brought pursuant to 28 U.S.C. § 455 should be decided by the judge whose recusal is sought.[9] In deciding whether recusal is required, the judge need not accept as true the allegations advanced by the moving party.[10]

## IV. DISCUSSION

In support of her motion, Krug makes two quite different arguments. One of them is that the order at docket 7 reflects a "bizarre application of FRCP 12(b)(6),"[11] includes a footnote amounting to a "gratuitous slap at counsel's pleadings,"[12] and permitted entry of judgment prior to expiration of the time for a motion for reconsideration. These complaints are, of course, based on judicial rulings which are

---

[5]*Id.* (quoting *In re Mason*, 916 F.2d 384, 386 (7th Cir.1990)).

[6]*See, e.g, Liteky v. United States*, 510 U.S. 540, 551-52 (1994).

[7]*Clemens*, 428 F.3d at 1178.

[8]*Liteky*, 510 U.S. at 555.

[9]*Clemens*, 428 F.3d at 1178; *In re Bernard*, 31 F.3d 842, 843 (9th Cir. 1994).

[10]*Clemens*, 428 F.3d at 1178.

[11]Doc. 13 at 4.

[12]*Id*.

almost never an appropriate basis for recusal. Moreover, there is nothing so unusual about the rulings as to constitute some sort of exception to the nearly universal rule.

Krug first points to an error in the court's interpretation of Rule 12(b)(6). Judges sometimes do make mistakes in application of the Federal Rules of Civil Procedure. This sort of error—if error there be in the order at docket 7—is subject to ordinary appellate review. It certainly does not constitute evidence supporting recusal.

Krug next claims that footnote 5 contains a "gratuitous slap at counsel's pleadings." That footnote reads as follows:

> The Complaint is ambiguous as to whether Krug's allegation of retaliation via negative references and "blackballing" falls under Claim I, Claim II, or both. The text of Claim I and Claim II omits any reference to this form of retaliation; both refer only to retaliatory termination. Krug generally alleges retaliatory "blackballing" in the "Factual Allegations" section of the Complaint, however. For clarity's sake, the court will construe Krug's inartfully pleaded Complaint as alleging retaliatory termination under Claim I and retaliatory blackballing under Claim II.

As is obvious from the footnote itself, far from taking a "slap" at Krug's lawyer, the court was explaining that it would resolve the ambiguity in the Complaint in favor of Krug.

Krug also complains that judgment was entered before the time ran for making a motion for reconsideration. Yet, that is not uncommon, at least in the experience of the assigned judge: Motions for reconsideration are rarely granted, and disappointed litigants are often eager to expose the perceived error in a trial court's decision to appellate review. Be that as it may, a trial court retains jurisdiction to consider a motion for reconsideration filed after entry of judgment (so long as it is timely under the local rules). Indeed, that will be done in this case.

Krug's arguments about judicial decisions lack merit in the context of recusal, so the court next turns to her arguments to the effect that the assigned judge is biased and should therefore recuse. Condensed to their essence, her arguments are that because the assigned judge owns property in Maricopa County, where he resides for portions of the winter months, which property is within five miles of the residence of defendant Rayes, the assigned judge must be biased. Simply stating the argument exposes its

absurdity. In fairness to Krug, what seems to underlie her concern about the fact that the assigned judge has a part time residence in Maricopa County is the fact that Judge Campbell, who is a member of the same bench as newly confirmed Judge Rayes, recused himself. Krug seemingly believes that his recusal must in fairness compel the assigned visiting judge to recuse because he has ties to the State of Arizona.

As authority to support her argument, Krug cites *Withrow v. Larkin.*[13] In that case the Supreme Court held that the fact that a medical licensing board had both investigative and adjudicative powers did not deprive a physician who was the subject of an investigation and adjudication of the due process required by the constitution. In the opinion, as noted by Krug, the Court noted that a fair tribunal is required for due process and that in some circumstances, "the probability of actual bias on the part of the judge or decision maker is too high to be constitutionally tolerable."[14] Krug omitted the Court's subsequent statement describing circumstances which might give rise to constitutional concern which it identified as including "cases in which the adjudicator has a pecuniary interest in the outcome and cases in which he has been the target of personal abuse or criticism from the party before him."[15]

Here, the assigned judge has no pecuniary interest in the outcome of the lawsuit. Neither has the assigned judge been the target of abuse or criticism by any of the parties. In addition, it should be noted that the assigned judge does not know Rayes, does not maintain chambers in the Phoenix courthouse where Rayes has chambers, and is a resident of Alaska, not Arizona. Thus, the assigned judge's circumstances are distinctly different from those of Judge Campbell. Judge Campbell likely does know Rayes, he certainly has chambers in the Phoenix courthouse, he is likely to be Rayes' colleague for many years to come, and he is a resident of Arizona. This leaves Krug's

---

[13] 421 U.S. 35, 47 (1975).

[14] Doc. 13 at 5 (quoting *Withrow*, 421 U.S. at 47).

[15] *Withrow*, 421 U.S. at 47.

assertion that having a part time winter home within five miles of Rayes' home requires recusal, a proposition that is untenable.

### V.  CONCLUSION AND ORDER FOR RESPONSE

For the reasons above, the motion at docket 13 is **DENIED**.

**IT IS FURTHER ORDERED** that defendants shall respond to the merits of Krug's motion for reconsideration at docket 12 within 14 days from the filing of this order.  No reply may be filed unless requested by the court.

DATED this 6th day February 2015.

/s/ JOHN W. SEDWICK
SENIOR UNITED STATES DISTRICT JUDGE