1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

Karyl Krug,                                    )
                                               )
          Plaintiff,                           )      **2:14-cv-01320 JWS**
                                               )
     vs.                                       )      **ORDER AND OPINION**
                                               )
Maricopa County Superior Court,                )      **[Re:   Motion at Docket 12]**
*et al.*,                                      )
                                               )
          Defendants.                          )
_____)

**I.  MOTION PRESENTED**

        At docket 12 plaintiff Karyl Krug ("Krug") proceeding *in propria persona* filed a

motion for reconsideration pursuant to Local Rule 7.2(g).  In substance, Krug's motion

requests reconsideration or relief from the judgment entered against her at docket 9.  If

a motion for reconsideration is filed within 10 days of entry of judgment, as Krug's

motion was, it is treated as a motion to alter or amend judgment under Federal Rule of

Civil Procedure 59(e).[1]  Defendants Maricopa County Superior Court, *et al*. (collectively,

 "defendants") filed an opposition at docket 27.  Oral argument was not requested but

would not assist the court.

_____

        [1]*Am. Ironworks & Erectors, Inc. v. N. Am. Const. Corp.*, 248 F.3d 892, 898-99 (9th Cir.
2001); *Teamsters Local 617 Pension & Welfare Funds v. Apollo Grp., Inc.*, 282 F.R.D. 216, 220
(D. Ariz. 2012) (holding that Local Rule 7.2(g) applies to challenges to orders, not judgments).

1
## II.  BACKGROUND

2
The background giving rise to this lawsuit is set out in detail in the court's earlier

3
order at docket 7 and need not be repeated here.  In that order the court g ranted

4
defendants' motion to dismiss Krug's complaint for failure to state a claim.  Thereafter,

5
judgment was entered that Krug take nothing.

6
## III.  STANDARD OF REVIEW

7
"[R]econsideration of a judgment after its entry is an extraordinary remedy which

8
should be used sparingly."[2]  District courts enjoy considerable discretion in granting or

9
denying a motion to reconsider.[3]  "In general, there are four basic grounds upon which a

10
Rule 59(e) motion may be granted: (1) if such motion is necessary to correct manifest

11
errors of law or fact upon which the judgment rests; (2) if such motion is necessary to

12
present newly discovered or previously unavailable evidence; (3) if such motion is

13
necessary to prevent manifest injustice; or (4) if the amendment is justified by an

14
intervening change in controlling law."[4]  A Rule 59(e) motion may not be used to raise

15
arguments or present evidence that could have been raised prior to the entry of

16
judgment.[5]

17
## IV.  DISCUSSION

18
Krug argues that reconsideration of the judgment is necessary to correct the

19
following five manifest errors of fact or law upon which the judgment rests: (1) the court

20
misapplied Rule 12(b)(6); (2) the court made an inappropriate credibility determination

21
based on a deceptive exhibit; (3) the court violated Rule 12(d) by not giving the parties

22
sufficient notice that it would review evidence outside the pleadings; (4) the court erred

23
in ruling that the complaint does not address an obvious alternative explanation for

24

25
[2]11 C. Wright & A. Miller, *Federal Practice and Procedure* § 2810.1 (3d ed. 2004)

26
(hereinafter "Wright & Miller").

27
[3]*Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011).

28
[4]*Id.*

[5]11 Wright & Miller § 2810.1.

1   Krug's termination; and (5) the court erred in ruling that it would be futile to allow Krug
2   to amend her complaint to name Maricopa County as a defendant.

3   **A.    The Court Properly Applied Rule 12(b)(6)**

4          Krug argues that the court misapplied Rule 12(b)(6) by not construing the
5   complaint in the light most favorable to Krug[6] and by inappropriately relying on *Ashcroft*
6   *v. Iqbal*.[7]  These arguments lack merit.

7          With regard to Krug's first argument, the only matter that Krug challenges with
8   specificity is the court's conclusion that the only factual support in her complaint for her
9   claim that she was fired in retaliation for protected speech is the timing of her
10  termination.[8]  Krug argues that this conclusion is "insupportable" because of "the
11  copious factual recitations set out in" her complaint.  Because Krug's motion does not
12  cite a single one of these factual recitations, and because her retaliatory termination
13  claims are supported by legal conclusions, not facts, Krug's argument fails.

14         With regard to Krug's second argument, Krug argues that *Iqbal*'s "'plausibility'
15  analysis" does not apply because the defendants in this case are not "geographically
16  remote."[9]  Krug cites no authority to support her argument that if there is no "geographic
17  remoteness of the parties" a complaint need not allege plausible claims.  This argument
18  lacks merit.

19  **B.    The Court Did Not Make a Credibility Determination Based on Exhibit 1, and
20          Exhibit 1 Is Not Deceptive**

21         In its dismissal order the court held that the facts in Krug's complaint are
22  consistent with her retaliatory termination claims, but insufficient to render those claims
23  plausible.  The court bolstered this conclusion by observing that the complaint does not

24  _____

25  [6]Doc. 12 at 3-4.

26  [7]556 U.S. 662 (2009).

27  [8]Doc. 7 at 6-7.

28  [9]Doc. 12 at 15.

1   adequately address an obvious alternative explanation for Krug's termination: the

2   inappropriate language Krug used in an email to defendant Diane Alessi ("Alessi").

3   Krug's complaint mentions the email in several locations,[10] and defendants provided a

4   copy of it to the court as Exhibit 1 to their motion to dismiss.

5       Krug now asserts that the court determined she is not credible based on

6   Exhibit 1 and that Exhibit 1 is incomplete and therefore deceptive.  As to Krug's former

7   assertion, the court made no such credibility determination.  Further, Krug's assertion

8   that Exhibit 1 is deceptive is unpersuasive because Krug effectively admits in her

9   opposition that Exhibit 1 shows her "discourtesy" and "lack of civility" toward Alessi.[11]

10  **C.    The Court Did Not Consider Evidence Outside the Pleadings**

11      Krug next argues that the court violated Rule 12(d) by considering evidence

12  outside the pleadings (Exhibit 1 to defendants' motion to dismiss) without giving the

13  parties a reasonable opportunity to present all pertinent material.  Krug raised this same

14  argument in opposition to defendants' motion to dismiss.[12]  But, as the court pointed out

15  in its dismissal order, evidence is not "outside" the complaint if the complaint specifically

16  refers to it and if its authenticity is not questioned.[13]  Krug has never disputed that her

17  complaint refers to the email found in Exhibit 1,[14] nor has she questioned that exhibit's

18

19

20

21      [10]*See* Doc. 1 at 11 ¶¶ 79-80; *id*. at 12 ¶ 84.

22      [11]Doc. 5 at 8.

23      [12]*See id*. at 1 ("Defendants raise the motion under 12(b)(6), but also argue for summary
24  judgment, especially as they submit documents extraneous to the Complaint.").

25      [13]*See Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds
26  by Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002) ("[D]ocuments whose
    contents are alleged in a complaint and whose authenticity no party questions, but which are
27  not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion
    to dismiss.").

28      [14]*See* Doc. 1 at 11 ¶¶ 79-80.

1    authenticity.  To the contrary, Krug admits that Exhibit 1 shows "an e-mail exchange

2    between Krug and Defendant's [sic] Alessi and Westover."[15]

3    **D.    The Court Correctly Ruled That the Complaint Does Not Address an
       Obvious Alternative Explanation for Krug's Termination**

4
5           Krug argues that the court erred in ruling that her complaint fails to address the

6    possibility that she was terminated not for her protected speech, but for using

7    unprofessional language in her email to Alessi.  Plaintiff asserts that this ruling is

8    incorrect because she addresses that email in her opposition to defendants' motion.  In

9    her opposition, Krug states:

10          Clearly, the Defendants' [sic] intend to defend themselves with an obvious
            pretext, that Krug's alleged discourtesy to Defendant Alessi somehow
11          trumps all the public interests concern [sic] addressed in the previous
            sections, and is the real reason that Krug was terminated.  Given the
12          remedial actions the Defendants took after having fired Krug, it seems
            unlikely that a lack of civility to co-Defendant Alessi was the real reason
13          Krug was terminated.  It seems probable that the criminal liability of all the
            Defendants was at the heart of this illegal retaliation against Krug.[16]

14   The fact remains, however, that Krug's complaint does not address the possibility that

15   she was terminated for using unprofessional language.  Krug's argument that this

16   possibility is unlikely is conclusory and unpersuasive.

17   **E.    The Court Correctly Ruled That It Would Be Futile to Allow Krug to Amend
       Her Complaint to Name Maricopa County As a Defendant**

18
19          Finally, Krug argues that it would not be futile to allow her to amend her

20   complaint to add Maricopa County as a defendant.  The basis for this argument is her

21   "impression that she was a hybrid Maricopa County" and Maricopa County Superior

22   Court employee and, therefore, maybe Maricopa County would have to satisfy a

23   potential judgment in this case.[17]  Because Krug does not provide any evidence or legal

24   authority that shows that she was actually employed by Maricopa County, nor does she

25   ───────────────

26          [15]Doc. 5 at 7.

27          [16]*Id.* at 8.

28          [17]Doc. 12 at 16-17.

1  explain why she was unable to present such evidence or authority in opposition to

2  defendants' motion to dismiss, Krug's argument lacks merit.

3                                **V.  CONCLUSION**

4         For the reasons above, the motion at docket 12 is **DENIED**.

5         DATED this 26th day March 2015.

6

7                                        /s/ JOHN W. SEDWICK
8                            SENIOR UNITED STATES DISTRICT JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28